HOFFMAN BROS. PRODUCE CO. v. I. V. HORN CO.

(Supreme Court, Special Term, Erie County.   April 18, 1916.)

SALES ⬄161(1)—CONTRACTS—COMPLIANCE.

   Plaintiff, a St. Louis dealer in eggs, offered on February 27th, to sell eggs to defendant, whose place of business was Buffalo, N. Y.   On the same day defendant ordered 200 cases to be shipped f. o. b. on the Lake Shore.   As soon as the telegraph order was received, plaintiff ordered a refrigerator car, loaded the car, and delivered it to a transfer railroad company for delivery to the Big Four Railroad at its station across the Mississippi river.   By reason of delays the eggs did not reach Buffalo in time for defendant's purpose.   The refrigerator company and transfer company were owned by the several railroads entering or approaching St. Louis.   The Big Four connected with the Lake Shore Railroad.   *Held* that, in view of the fact that previous shipments of eggs had been made in the same manner, the provisions of the order that the eggs should be delivered f. o. b. Lake Shore, merely meant that they should be delivered free on board at plaintiff's place of business, and so on delivery to the transit company the contract was complied with.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380;  Dec. Dig. ⬄161(1).]

Appeal from City Court of Buffalo.

Action by the Hoffman Bros. Produce Company against the I. V. Horn Company.   From a judgment for plaintiff, defendant appeals. Affirmed.

Layton H. Vogel, of Buffalo (John Lord O'Brian, of Buffalo, of counsel), for appellant.

Frederick O. Bissell, of Buffalo, for respondent.

BISSELL, J.   The contract between the parties, out of which the controversy resulting in a judgment in favor of the plaintiff in the City Court arose, is embodied in three telegrams relating to the purchase and shipment of eggs from St. Louis to Buffalo.   The telegrams read as follows:

"St. Louis, Mo., Feb. 27, 1912.
"To I. V. Horn Co., Buffalo, N. Y.:  Egg receipts light.   Twenty eight half f. o. b. subject confirmation.                Hoffman Bros. Produce Co."

"Buffalo, N. Y., Feb. 27, 1912.
"Hoffman Bros. Produce Co., St. Louis, Mo.:  Answering.  Ship two hundred cases Lake Shore.   Confirm immediately.      I. V. Horn Co.   10:54 a. m."

"St. Louis, Mo., Feb. 27, 1912.
"I. V. Horn Co., Buffalo, N. Y.:  Confirm two hundred cases eggs twenty eight half f. o. b.   Shipping today.         Hoffman Bros. Produce Co."

Immediately upon receipt of the telegraphic order, and between 11 and 11:30 o'clock in the forenoon of the day it was received, the plaintiff ordered a refrigerator car from the American Refrigerator Transit Company, a corporation doing business in the city of St. Louis, procured the eggs, loaded them on wagons, and transported them about one mile to the Gratiot street cooler of the Refrigerator Company, where they were loaded directly from the wagons into one of the Refrigerator Company's cars, and this car was delivered to the St.

Louis Transfer Railroad Company at 3:45 p. m. on the same day, for delivery to the Big Four Railroad at its station across the Mississippi river in East St. Louis, Ill. By reason of delays in making connections and in transit, the shipment did not reach Buffalo via the Lake Shore Railroad until the morning of March 2d, a day late for the purposes of the defendant. The defendant refused to accept the shipment, claiming that it should have arrived a day earlier, and, the price of eggs having declined, they were sold at a loss to the plaintiff of the amount recovered in the judgment of the trial court.

The defendant's sole ground of defense is substantially that the plaintiff did not perform its contract in respect to making a proper delivery of the eggs on the 27th day of February, claiming that the delivery made to the American Refrigerator Transit Company for transfer to the Big Four Railroad on the afternoon of that day was not a proper delivery within the terms of the contract. The American Refrigerator Transit Company is owned by the several railroad companies entering or approaching St. Louis, and its business is to solicit the handling of perishable freight for practically all of them, including the Cleveland, Cincinnati, Chicago & St. Louis Railroad (known as the Big Four Railroad), which is affiliated with the Lake Shore Railroad, and maintains a terminal station at East St. Louis. The contract provides for the delivery of eggs "f. o. b. shipping to-day." The defendant did not designate any particular railroad in or near St. Louis to which the eggs were to be in the first instance delivered, and the Lake Shore Railroad, the only railroad mentioned in the contract, is connected with the Big Four and other railroads which transport freight from East St. Louis to Eastern points at a point several hundred miles distant from St. Louis. It was shown on the trial that other shipments of eggs had previously been made by the plaintiff to the defendant by this same method of shipment and by the same routing, without objection having been made by the defendant.

I am of the opinion that in the circumstances existing at St. Louis, separated as it is by the Mississippi river from East St. Louis, where the terminal stations of the Big Four and the other railroads transporting freight to Eastern points are located, and taking into consideration the method usually adopted by these several railroads, which own and control the American Refrigerator Transit Company and the connecting ferry and terminal companies operating between St. Louis and East St. Louis, the term used in the telegraphic contract "f. o. b." can refer only to the plaintiff's place of business in St. Louis, Mo. The American Refrigerator Transit Company was acting as the authorized agent of the Big Four and other railroads for the express purpose of soliciting and forwarding perishable freight in its refrigerator cars. The delivery made by the plaintiff to the defendant was therefore in accordance with the express agreement of the parties, and in accordance with their previous transactions and the prevailing custom. The delivery made by the plaintiff in this instance was the best delivery that could have been made under the terms of the contract, and when the plaintiff loaded the shipment into the car of the American Refrigerator Transit Company at St. Louis, and received the bill of

lading stamped with that company's receipt, it had made a delivery under the terms of the contract, and was entitled to payment. The eggs became the property of the defendant, and the risks of transportation were from that time the defendant's, and the defendant was bound to accept and pay for the shipment and to look to the transportation company for any loss due to delay in transit. White v. Schweitzer, 147 App. Div. 546, 547, 550, 132 N. Y. Supp. 644.

The judgment of the City Court is affirmed, with costs to the plaintiff.